## ROADS AND THE POWER OF COUNTY COMMISSIONERS OVER THEM.

James E. Law, L. O. Brown and Irving Kennedy, Commissioners of Medina County v. Peter Leighty and William Rebman.

[Circuit Court of Medina County.]

Decided, October 15, 1903.

*Roads—Public, State, County and Township—Restricted Powers of County Commissioners—Sections 845 and 863.*

County commissioners are restricted to the exercise of powers expressly conferred upon them by statute, and they have no authority to bring an action to restrain persons from obstructing township roads under Sections 845 and 863, Revised Statutes, the former authorizing them to bring actions to prevent injury to "public, state and county roads," and the latter to bring suits in certain cases for injuries to "bridges, roads and buildings."

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the Court of Common Pleas of Medina County.

Plaintiffs in error, as Commissioners of Medina County, brought their action against the defendants in error to restrain the latter from obstructing and closing up a road in Guilford township in said county. The petition describes the road as a "public highway, public road and township road," and states that it was dedicated by one John Long in 1836 and presented by him to said Guilford township for public use, and in 1837 was accepted by the trustees of said township as a "public road, public highway and township road." It thus sufficiently appears from the petition that the road is a township road, as distinguished from a state road and a county road, if there is any such distinction.

The defendants filed a general demurrer to the petition raising the question whether the commissioners could maintain an action to enjoin the obstruction of such a road as is described in the petition. The demurrer was sustained by the court below, and plaintiffs not desiring to plead further, judgment was entered against them dismissing their petition.

To reverse this judgment petition in error has been filed in this court, so that the only question in the case is whether or not, under the petition, any right of action exists in the county commissioners to enjoin obstructions to township roads.

A township road, while it is for the use of all the people and not for the use of the people of the township alone, like a city road, which is for the use of all the people and not for the use of the inhabitants of the city alone, differs from a state road and from a county road, in many important respects, as does also a city street. No one would contend for a moment that the county commissioners have jurisdiction over city streets. The control of city streets is by statute vested in the municipal authorities. An examination of the statutes shows that the control of state and county roads is vested in the county commissioners and the control of township roads is vested in the township trustees. State and county roads are established, paid for, improved, altered and vacated by the county commissioners. See Chapter One (State Roads), Title VII, Division II, Part Second, Revised Statutes, and Chapter Two (County Roads), same title. Township roads are established, paid

for, improved, altered and vacated by the township trustees. Chapter III, same title.

The county commissioners have power to levy a tax to provide a fund for the improvement of state and county roads (Sections 2822-1, 2822-2, Revised Statutes). Township trustees have power to levy a tax to provide a fund for the improvement of township roads (Section 4686-21, Revised Statutes). The general statutes on the subject of roads above referred to seem to confer upon the county commissioners no authority to maintain this action, and the Supreme Court has held:

"That boards of county commissioners in Ohio have such powers and such only as are conferred by statute, and may maintain such actions, and such only as are by statute authorized, is too well established to admit of controversy." (*Commissioners of Mahoning County* v. *Railway Co.,* 45 O. S., 401).

But we are referred to Sections 845 and 863, Revised Statutes, as specifically authorizing the bringing of this action. The latter section (863) does not apply, for it only authorizes the county commissioners to bring suits in certain cases for injuries to bridges, roads and buildings, and to recover money judgments therefor. It does not authorize the commissioners to institute equitable actions to prevent such injuries.

Section 845, so far as it is material to the issues in this case, reads as follows:

"The board of commissioners shall be capable of suing and being sued, pleading and being impleaded, in any court of judicature, *and of bringing, maintaining and defending all suits, either in law or in equity, involving an injury to any public state or county road, bridge or ditch, drain or watercourse established by such board in their county, and for the prevention of injury to the same; and any such board of county commissioners shall be liable in their official capacity for any damages received by reason of the negligence or carelessness of said commissioners in keeping any such road or bridge in proper repair;* and to ask, demand and receive, by suit or otherwise, any real estate or interest therein, whether the same is legal or equitable, belonging to their county, or any sum or sums of money or other property due to such county."

The words italicized were added by amendment in 1894; the remainder of the statute is an old law.

It is claimed that the words "public state or county road," were intended to cover township roads; that there should be a comma after the word public, which would make three kinds of roads covered by the statute, public roads, state roads and county roads, and that such was the purpose of the Legislature in amending the law; that "public roads" include township roads. The same argument would make "public roads" include city streets, and we are unable to come to any such conclusion. The real intention of the Legislature in amending the law was to give a right of action against the commissioners for injuries sustained by reason of their negligence in keeping roads and bridges under their control in good repair, and the amendment authorizes suits both by and against the commissioners involving roads and bridges *established by such board in their county.*

It would not be urged that the commissioners would be liable to respond in damages should a person be injured by reason of the negligent construction or insufficient repair of a township road which must be kept in repair by the township authorities. Conversely, they can maintain no action for obstruction or damage to the road.

There was no error in sustaining the demurrer and the judgment is affirmed.

*Licey & Licey,* for plaintiffs in error.

*Lee Elliott,* for defendants in error.